IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD KYLE,

    Plaintiff,

v.

APOLLOMAX, LLC, O'NEILL, LLC d/b/a
O'NEILL INNOVATIONS and MICHAEL
O'NEILL,

    Defendants.

APOLLOMAX, LLC, O'NEILL, LLC d/b/a
O'NEILL INNOVATIONS,

    Defendant/Counterclaim-
    Plaintiffs/Counterclaim-Defendants,

v.

RONALD KYLE,

    Plaintiff/Counterclaim-Defendants,

and

DOUGLAS PORCELLI,

    Counterclaim-
    Defendant/Counterclaim-Plaintiff.

C.A. 12-152-RGA

## MEMORANDUM OPINION

Sheldon K. Rennie, Esq., Seth A. Niederman, Esq., Wilmington, DE; Alan L. Frank, Esq., Jenkintown, PA, Attorneys for Plaintiff/Counterclaim-Defendant Ronald Kyle.

Arthur L. Dent, Esq., John A. Sensing, Esq., Wilmington, DE, Attorneys for Defendants/Counterclaim-Plaintiffs/Counterclaim-Defendants Apollomax LLC, O'Neill, LLC d/b/a O'Neill Innovations, Michael O'Neill.

Seth J. Reidenberg, Esq., Wilmington, DE, Attorney for Counterclaim-Defendant/Counterclaim-Plaintiff Douglas Porcelli.

October 17, 2012

1

ANDREWS, United States District Judge:

Plaintiff, Ronald Kyle, filed a demand for a jury trial (D.I. 27); anticipating his demand being deemed late, he filed a motion requesting a jury trial. (D.I. 32). Defendants, Apollomax LLC, Michael O'Neill, and O'Neill LLC, filed a motion to strike Plaintiff's jury demand. (D.I. 28). The motions are fully briefed.

For the reasons discussed, Defendants' motion is DENIED AS MOOT, and Plaintiff's motion for a jury trial is GRANTED.

## FACTUAL BACKGROUND

The action arises out of a dispute over a business endeavor. Kyle and O'Neill started a company together under the name of Apollomax LLC. O'Neill assigned his interest in Apollomax LLC to O'Neill LLC. O'Neill LLC removed Kyle from Apollomax LLC. On February 8, 2012, Kyle filed a complaint (D.I. 1) against Apollomax LLC, O'Neill, and O'Neill LLC (Defendants) for breach of fiduciary duty, conversion, breach of the operating agreement, and breach of the implied covenant of good faith and fair dealing. Kyle checked the box for a jury demand on the Civil Cover Sheet but did not demand a jury in his complaint.

On March 14, 2012, Defendants answered Kyle's complaint. (D.I. 11). Defendants' answer included counterclaims against Kyle and a third party, Douglas Porcelli. These counterclaims were for violations of Delaware's Uniform Trade Secrets Act, tortious interference with prospective business relations, and unfair competition. Additionally, Defendants brought a claim for breach of contract against Porcelli.

Kyle answered Defendants' counterclaim on April 4, 2012. (D.I. 15). Porcelli answered Defendants' counterclaim on April 30, 2012, in which Porcelli included counterclaims against

Defendants for breach of contract, fraudulent misrepresentation, and unjust enrichment. (D.I. 17). Defendants answered Porcelli's counterclaims on May 24, 2012. (D.I. 22).

On May 30, 2012, the Court conducted an initial Rule 16(b) scheduling conference. (D.I. 25). A trial was set, but the parties disagreed as to whether the case would be a bench or jury trial. In response, Kyle submitted a jury demand on June 5, 2012. (D.I. 27). Kyle also submitted a motion requesting a jury on July 9, 2012. (D.I. 32). Defendants responded with a motion to strike Kyle's jury demand. (D.I. 28). Porcelli does not object to Kyle's demand for a jury. (D.I. 34).

## DISCUSSION

Kyle argues (1) his demand for a jury is timely, and (2) if his demand is not timely, this Court, in its discretion, should grant him a jury. Defendants argue (1) Kyle's jury request is untimely, and (2) this Court cannot, and alternatively, should not, grant Kyle a jury.

FED. R. CIV. P. 38(b) states, "On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served."

"[I]f the only pleadings in the case are the complaint and answer, the demand for jury trial must be served not later than [fourteen] days after service of the answer." CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2320 (3d ed.). "If there are multiple defendants, the time each defendant files his or her answer starts the [fourteen-day] period running for the issues raised between that defendant and the plaintiff." *Id.* "On an issue in which all the defendants are interested, however, the time runs from the service of the last answer." *Id.*

3

Kyle filed his jury demand on June 5, 2012. (D.I. 27). The demand would be timely if there had been at least one pleading directed to the dispute between Kyle and Defendants on or after May 21, 2012. There was not. The demand was within fourteen days of Defendants' answer to Porcelli's counterclaims of breach of contract, fraudulent misrepresentation, and unjust enrichment. Kyle, however, was not an interested party to the issues raised in those pleadings. Only Defendants and Porcelli were interested in those issues; thus, the Defendants' answer to Porcelli's counterclaims was not directed to the issue of Kyle's case and Kyle cannot argue that his demand was timely on that basis.

The last issues raised between Defendants and Kyle were the counterclaims filed by Defendants on March 14, 2012. (D.I. 11). Kyle's jury demand was not made within fourteen days of the last pleading on those issues. Kyle's last pleading on those issues was Kyle's answer on April 4, 2012. (D.I. 15). Porcelli's last pleading on those issues was Porcelli's answer on April 30, 2012. (D.I. 17). Kyle's June 5, 2012 jury demand was thus outside the fourteen day time period required by Rule 38(b). Kyle waived his right to demand a jury.

In the alternative, Kyle moved this Court to allow a jury trial under Rule 39(b). FED. R. CIV. P. 39(b) states, "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."

Kyle made a motion requesting a jury trial on July 9, 2012. (D.I. 32, 33). The Third Circuit Court of Appeals has held that courts should consider five factors in determining whether to grant a jury trial. " [The factors] are: 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the

4

motion; and 5) the reasons for the failure to file a timely demand." *SEC v. Infinity Group Co.*, 212 F.3d 180, 195-96 (3d Cir. 2000).

The first four factors weigh in favor of Kyle. Considering the first factor, this case is suitable for a jury. This case involves multiple issues. The issues between Kyle and Defendants are as follows: breach of fiduciary duty, conversion, breach of operating agreement, breach of implied covenant of good faith and fair dealing, violating Delaware's Uniform Trade Secrets Act, tortious interference with prospective business relations, and unfair competition. "[S]ome proceedings [are] unmistakably actions at law triable to a jury . . . for example . . . damages to a person or property, for libel and slander, for recovery of land, and for conversion of personal property." *Ross v. Bernhard*, 396 U.S. 531, 533 (1970). Most, if not all, of the issues between Kyle and Defendants are legal issues; therefore, they are triable by jury.

Considering the second factor, a jury will not disrupt this Court or the Defendants. The Defendants do not dispute this factor. (D.I. 35, p.6 n.4).

Considering the third factor, the Defendants will not be prejudiced by granting a jury trial. There is no reason to believe that the Defendants fashioned their case differently in anticipation of a bench trial; therefore, they will not be prejudiced.

Considering the fourth factor, Kyle did not excessively delay in making his motion. On May 30, 2012, at the Rule 16(b) scheduling conference (D.I. 25, p.6 ¶12), Kyle realized that there was a dispute as to whether the trial would be by bench or jury. On June 5, 2012, Kyle made his demand for a jury (D.I. 27), and on July 9, 2012, Kyle made his motion to request a jury. (D.I. 32, 33). This is not excessive or prejudicial delay, as the trial is set for September 9, 2013. (D.I. 25, p.6 ¶12).

5

The fifth factor does not weigh in favor of Kyle. Kyle's only reason for delay was thinking his jury demand had been made; yet, there is no evidence that he delayed to gain an unfair advantage. "Courts in this Circuit generally deny relief when [t]he only basis for such relief advanced by the requesting party is the inadvertence or oversight of counse[l] . . . [h]owever, this is not a mechanical rule." *Infinity Group*, 212 F.3d at 195.

Considering all five factors, four of the five factors weigh in favor of Kyle. Under the circumstances, the Court exercises its discretion to grant Kyle's motion for a jury trial. Thus, the Defendants' motion to strike is moot.